Brenton R. Babcock (SBN 162,120)
brent.babcock@knobbe.com
Michelle E. Armond (SBN 227,439)
michelle.armond@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
T: (949) 760-0404; F: (949) 760-9502

Attorneys for Plaintiffs
TREASURE GARDEN, INC. and
OLIVER JOEN-AN MA

Michael J. Song (SBN 243,675); MSong@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
T: (310) 788-9900; F: (310) 788-3399

Attorney for Defendant
LANCER & LOADER GROUP, LLC

Scott R. Miller (SBN 112,656);
smiller@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
T: (213) 620-1780; F: (213) 620-1398

Attorneys for Defendant
BED BATH & BEYOND INC.

Paul H. Kochanski
pkochanski@ldlkm.com
Bruce H. Sales
BSales@ldlkm.com
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
T:  (908) 518-6314; F:  (908) 654-7866

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TREASURE GARDEN, INC., a California corporation, and OLIVER JOEN-AN MA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LANCER & LOADER GROUP, LLC, a New York limited liability company, and BED BATH & BEYOND INC., a New York corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. 13-cv-00123 RWSL (CWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>*NOTE CHANGES MADE BY THE COURT*<br><br>Hon. Carla Woehrle |

## <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiffs Treasure Garden, Inc. ("Treasure Garden") and Oliver Joen-An Ma ("Ma"), Defendant Lancer & Loader Group, LLC ("Lancer & Loader") and Defendant Bed Bath & Beyond Inc. ("BB&B") (collectively the "Parties," individually a "Party") agree that each Party may assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary.  The Parties recognize that in the course of this litigation it may be necessary to disclose to the other Parties certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than the above-captioned action, and shall not be made public by another Party, beyond the extent necessary for purposes of this action.   In addition, the Parties contemplate that confidential information may be produced by a non-party.   The Parties therefore seek to facilitate the production and protection of such information.

Accordingly, based upon the agreement of the Parties and for good cause shown, it is hereby STIPULATED that the following procedure shall be adopted for the protection of confidential and proprietary information:

1.      Any Party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" or "Highly Confidential – Outside Counsel Only" any Documents, exhibits, excerpts, summaries, pleadings, reports, declarations, affidavits, testimony, transcripts, interrogatory responses, admissions, or other discovery material (collectively, "Litigation Material") that contains confidential information pursuant to the terms and conditions set forth herein.  Litigation Material that is designated as either "Confidential" or "Highly Confidential – Outside Counsel Only" are hereinafter collectively referred to herein as "Protected Material."  As used herein, "Documents" shall have the meaning ascribed to it in Federal Rule

- 1 -

of Civil Procedure 34(a), and shall include all "writings," "recordings," and "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence.  The phrases "ATTORNEY EYES ONLY" or "AEO" shall have the same meaning as "Highly Confidential – Outside Counsel Only."

2.   "Confidential" or "Highly Confidential – Outside Counsel Only" material, as used in this Order, shall refer to any designated Litigation Material and all copies thereof, and shall also refer to the information contained in such Litigation Material.  No "Confidential" or "Highly Confidential – Outside Counsel Only" designation shall be made unless the designating Party or non-party from whom discovery is sought believes in good faith that the designated Litigation Material is entitled to such protection under the Federal Rules of Civil Procedure and is entitled to the specific level of protection designated and provided for herein.

3.   As used herein, "Producing Party" shall refer to any Party to this action and to any non-party who provides Protected Material under this Protective Order, and "Receiving Party" shall refer to any Party or individual who receives, is shown, or is exposed to Protected Material or information pursuant to this Protective Order.

4.   A Producing Party may designate Litigation Material as "Confidential" or "Highly Confidential – Outside Counsel Only."  The words "Confidential" or "Highly Confidential – Outside Counsel Only" shall be placed clearly on each page or portion of the Protected Material.  Electronic or native Documents or data shall be similarly marked where practicable, and where not practicable, the disks, hard drives, or other media containing such electronic or native Documents or data shall be appropriately marked.

a.   Litigation Material may qualify for the "Confidential" designation under one of the following exemplary categories: (i) information that includes trade secret or other confidential research,

- 2 -

development, or commercial information the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others; and/or (ii) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

b.      Litigation Material may qualify for the "Highly Confidential – Outside Counsel Only" designation if it includes non-public information so commercially sensitive that disclosure of the information to an unaffiliated Party or third parties would likely harm the competitive commercial position of the Producing Party or a third-party.   The following are exemplary categories of "Highly Confidential – Outside Counsel Only" information: (i) Documents relating to Parties' prosecution of patents that have not yet issued and that contain claims that are not publicly known; (ii) licensing and/or settlement-related Documents including, but not limited to, agreements with various companies and communication's with potential licensors and licensees; (iii) financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, ROI, capital expenditures, yields, utilization, or similar benchmarks; (iv) customer lists; (v) business, strategy, or marketing plans; (vi) price lists and/or pricing information; (vii) information obtained from a non-party pursuant to a Non-Disclosure Agreement; (viii) agreements with any non-party, including suppliers, distributors, and customers; (ix) budgets, forecasts, and projections; (x) information that includes trade secret or other confidential research, development, or commercial information the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide

improper business or commercial advantage to others that could not be avoided by less restrictive means; and (xi) any other information or Documents the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others that could not be avoided by less restrictive means.

5.      Unless or until the Court rules otherwise, access to any "Confidential" information shall be limited to:

a.      Up to two (2) officers, directors, and employees (including in-house counsel) of a Party deemed necessary by Outside Counsel to supervise or aid in the prosecution, defense, or settlement of this action; provided however, that any such person has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A, a signed copy of which shall be retained by Outside Counsel for the Party;

b.      "Outside Counsel," which means the law firm(s) that are counsel of record for the Parties, and their staff;

c.      Outside experts and consultants (together with their associates and clerical staff) specifically engaged by the Parties to assist in the above-captioned action, subject to the provisions set forth in Paragraph 9;

d.      Jury consultants, trial consultants, or mock jurors selected by counsel in preparation for trial;

e.      Court stenographers, videographers, translators, copy services, electronic discovery vendors, document coding or computerization services, and graphics consultants whose function requires them to have access to Protected Material;

f.      The Court and its staff;

/ / /

/ / /

- 4 -

g.    Authors and both actual and intended recipients (as identified on the Document) of such Litigation Material, even if such authors or recipients are not currently employed by the Parties;

h.    Any current and former officer, director, employee, agent, or Rule 30(b)(6) designee of any Producing Party, during such person's deposition and consistent with the provisions of Paragraph 8; and

i.    Any other person as to whom the parties agree in writing. Outside counsel desiring to make a disclosure to individuals pursuant to this sub-paragraph shall provide written notice to outside counsel for the Producing Party of its intent to make the disclosure, stating therein the specific information, documents, or things to be disclosed at least seven (7) business days before any "Confidential" information is made available to such person(s).  With the written notice shall be included a fully executed copy of Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the Producing Party to determine whether such disclosure might cause injury to the Producing Party.  If the Producing Party makes a written objection to the disclosure to such person(s) within the seven-day period, no disclosure of the Producing Party's Confidential Material may be made to the person(s).  If the parties cannot resolve the issue, the party seeking disclosure may thereupon seek an appropriate order from the Court for permission to disclose the Confidential Material to such person(s).

6.    Access to any "Highly Confidential – Outside Counsel Only" information shall be limited to only those persons designated in Paragraphs 5(b)-5(i).  If a Party believes that certain specific "Highly Confidential – Outside Counsel Only" information must be provided to specific officers, directors, and employees (including in-house counsel) of such Party to facilitate

the preparation or settlement of this action, such Party may request written permission from the Producing Party to share the specific information, and the Producing Party shall be reasonable in considering such requests.

7.      Absent the written consent of the Producing Party, any person who has received any "Highly Confidential - Outside Counsel Only" information relating to umbrella lights from another Party shall not thereafter, until one (1) year following termination of the above-captioned action, be involved directly or indirectly, in any of the following activities:  advising on, consulting on, or preparing and/or amending of patent applications, claims, or claim amendments for umbrella lights, before any foreign or domestic governmental patent agency, including the United States Patent and Trademark Office.

8.      During the deposition of any current officer, director, employee, agent, or Rule 30(b)(6) designee of the Producing Party, a Receiving Party may show the Producing Party's witness any Protected Material produced by the Producing Party.  During the deposition of any former officer, former director, former employee, former or present consultant, or former agent of the Producing Party, a Receiving Party may show to the witness any Protected Material of the Producing Party that the Receiving Party's Outside Counsel reasonably and in good faith believes the witness to have received, or to have become familiar with its contents, in the ordinary course of business.  No copies of Protected Material shall be provided to a deponent other than for purposes of the deposition examination without the consent, either in writing or on the record, of the Producing Party.  If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

/ / /

/ / /

9.     Outside experts and consultants specifically engaged by the Parties may have access to Protected Material only after the following requirements are met:

a.     Any such expert or consultant has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A;

b.     A copy of the signed Exhibit A, a curriculum vitae of the proposed expert or consultant, an identification of any past or present employment, consulting, or contractual relationship with any Party, and a description of the expert or consultant's employment or consulting during the past four (4) years is served on opposing counsel at least ten (10) business days before the Protected Material is shown to such expert or consultant; and

c.     The Producing Party does not object in writing to such disclosure within those ten (10) business days.  If such objection is made, it must be in writing and for good cause, and must state the reason for such objection; thereafter, no disclosure of Protected Material shall be made to that expert or consultant until the matter is resolved by the Parties or the Court.  If the objection is not resolved by the Parties within five (5) business days of the written objection, the Producing Party objecting to the disclosure of Protected Material to the expert or consultant has ten (10) business days from the date of its written objection to move the Court for an order preventing disclosure of Protected Material to the expert or consultant.  No Protected Material shall be disclosed to an independent expert or consultant until any objections to the proposed disclosure of that material have been resolved by the parties or the Court.

/ / /

/ / /

10.     Testimony at a deposition may be designated as "Confidential" or "Highly Confidential – Outside Counsel Only" by making a statement to that effect on the record at the deposition.   The court reporter at such deposition shall conspicuously mark the cover page and any pages so designated with the designation. Further, the transcript of any deposition shall be considered "Highly Confidential – Outside Counsel Only" for a period of fifteen (15) calendar days after receipt of the transcript by counsel taking the deposition, during which period either Party may designate information as confidential by preparing a list of the page and line numbers of the transcript with corresponding designations.  The first page of such list shall bear the caption of this action and information sufficient to clearly identify the deposition.  Absent any such designation on the record or during the above stated fifteen-day period, the undesignated transcripts (or portions thereof) shall be deemed non-confidential following the fifteen-day period.

11.     If a Producing Party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, the Producing Party need not label the documents and things in advance of that inspection.  For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked "Highly Confidential – Outside Counsel Only."  During the inspection, the Receiving Party shall select specific documents or groups of documents for copying by a professional copy service at the Receiving Party's own expense.  No copies shall be made or retained during the inspection.  After receiving the copies of the selected documents from the copy service, the Producing Party shall have fifteen (15) calendar days to review and mark the copies as Confidential Material or Attorneys' Eyes Only Material, as appropriate, and thereafter produce those copies to the Receiving Party within such fifteen-day period.  All documents selected for production by the Receiving Party must be produced by

the Producing Party within the fifteen-day review period, or must be otherwise identified on an accompanying privilege log.  Any document identified on the privilege log may be withheld, and its inclusion in the documents for inspection shall not be deemed a waiver of any privilege.

12.    Any Party and non-party who produced Litigation Material and inadvertently failed to identify such Litigation Material as "Confidential" or "Highly Confidential – Outside Counsel Only" shall correct its failure within a reasonable time upon discovery of such inadvertent disclosure by providing written notice of the error and substituted, correctly-designated copies of the inadvertently produced Litigation Material.  Any Party or non-party receiving such inadvertently unmarked or improperly marked Litigation Material shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated materials.  The receiving Party or non-party shall have no liability under this Protective Order for reliance on the incorrect designation, including any disclosure of information contained in the incorrectly designated Litigation Material consistent with this Protective Order, prior to receiving written notice of the error.

13.    A Party that challenges a designation by a Producing Party of Protected Material shall give the Producing Party written notice specifying the Protected Material as to which designation is challenged and the reasons for the requested change in designation.  The Producing Party shall respond in writing to the challenging Party's notice within five (5) business days, articulating the detailed basis for the Producing Party's designation to enable the challenging party to move the Court for permission to disclose the Protected Material.  If the requested change in designation is not agreed to within five (5) business days of the Producing Party's written response, the Party seeking the change may move the Court for appropriate relief within ten (10) business days of the Producing Party's written response.    The Producing Party shall bear the burden of

establishing that the Protected Material is entitled to the particular designation. The materials at issue shall be treated as "Confidential" or "Highly Confidential – Outside Counsel Only" as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.  If the Party seeking the change does not move the Court within the 10-business-day period, its challenge shall be deemed waived.

14.     Attorney-client privileged or work product materials generated for this action and created on or after the January 7, 2013 filing date of this action do not need to be logged by the Parties on their respective privilege logs.

15.     Any Party who inadvertently discloses Discovery Materials that it believes are subject to the attorney-client privilege, attorney work product protection, or are otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the Discovery Materials be returned or destroyed.  The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.   In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  The Receiving Party shall return or destroy such inadvertently produced Discovery Material, including all copies and any notes or summaries referring to or relating to any such inadvertently produced Discovery Material subject to a claim of immunity or privilege upon request, within seven (7) business days.

16.     In the event of an inadvertent disclosure of Protected Material to a person not qualified to receive the information under the Protective Order, the Party or non-party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains confidential information subject to this Protective Order; (ii)

promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit A to this Protective Order; (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made; and (iv) bring all pertinent facts relating to such disclosure to the attention of the Producing Party within five (5) business days of learning of the inadvertent disclosure.

17.    Any Protected Material that is to be filed in this proceeding shall be submitted with an application for filing under seal pursuant to the local rules of this Court, including C.D. Cal. Local Rule 79-5.

18.    In the event that any Protected Material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and the Producing Party shall take all steps reasonably required to seek to protect its confidentiality during such use, including requests to clear deposition rooms or courtrooms prior to introduction of such Protected Material.  If a party does not request or the Court fails to grant a protective order, such Protected Material entered into evidence at trial will not retain its confidential status.

19.    In the event that a Party seeks discovery from a non-party to this action, the non-party or a Party may invoke the terms of this Protective Order with respect to any Litigation Material produced by advising all Parties in this suit in writing.  This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a Party, either on the non-party's own motion or on a motion brought on its behalf by an objecting Party.  The Party seeking production from a non-party who may possess Protected Material of the other Party shall have the duty to provide a copy of this Order to that non-party prior to any production, a duty to inform that non-party of its rights under this Order and its ability to designate materials

as Protected Material.  Any non-party that discloses Litigation Material under this Protective Order shall be entitled to the rights and obligations of a Party under this Protective Order with respect to those produced Litigation Materials. The use of this Protective Order by a non-party does not entitle that non-party to access the Protected Materials produced by any other Party or non-party in this action.   Non-parties may move the Court to enforce the provision of this Protective Order.  Absent a Court order to enforce non-party rights, non-parties have no rights under this Protective Order.

20.   The restrictions set forth in this Protective Order shall not apply to information or material that: (i) was, is or becomes public knowledge in a manner other than by violation of the Protective Order; (ii) is acquired by the non-designating Party from a third party having the right to disclose such information or material; or (iii) was lawfully possessed by the non-Producing Party prior to the entry by the Court of this Protective Order.

21.   This Protective Order shall not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to the above-captioned action, and in the course thereof, referring to or relying generally upon his or her examination of Documents designated as Protected Material provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Protected Material contrary to the terms of this Protective Order.

22.   All Protected Material shall be used only in preparation for and trial of the above-captioned action, any appeal therefrom, or any proceeding to settle or resolve the above-captioned action.  Protected Material cannot be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, governmental purpose, or in connection with the preparation or prosecution of any patent applications.

Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own Protected Material.

23.    Protected Material may be disclosed to specified persons not included in Paragraphs 5-6 of this Protective Order pursuant to Court order, a written agreement signed by an attorney for the Producing Party, or an agreement by an attorney for the Producing Party on the record in a deposition, hearing, or at trial.  Any agreement by a Producing Party to permit disclosure of its Protected Material to an individual who otherwise would not be entitled access to such Protected Material shall not alter any of the other conditions and obligations of this Protective Order.

24.    Each individual who receives any Protected Material shall be subject to the jurisdiction of this Court in any proceeding relating to the performance under, compliance with, or violation of this Protective Order.

25.    Nothing herein shall restrict the Parties from moving the Court to modify the terms of this Protective Order or the designation of any Litigation Material.

26.    Within ninety (90) calendar days of the termination of the above-captioned action, including any appeals, all Parties, persons, and entities (including experts and consultants) who received Protected Material shall make a good faith effort to destroy or return to Outside Counsel for the Producing Party all Protected Material and any and all copies of such Protected Material. Outside Counsel may retain one copy of correspondence and legal files, and one set of all transcripts, pleadings, trial and deposition exhibits, and expert reports that were produced by any Party, filed with the court or introduced at trial of this action, including any emails or email folders containing such materials. The Receiving Party shall certify in writing that all such material, including "Confidential" and "Highly Confidential – Outside Counsel Only" material disclosed hereunder and not specifically identified in this Paragraph, has been

1  returned or destroyed.

2      27.   All notices required by any Paragraphs of this Protective Order are

3  to be made by e-mail, first-class mail, or overnight mail to Outside Counsel

4  representing the noticed Party.  The date by which a Party receiving notice shall

5  respond or otherwise take action shall be computed from the date of receipt of

6  the notice.  Any of the notice requirements herein may be waived in whole or in

7  part, but only in writing signed by an attorney for the Producing Party.

8      28.   If another person, court, or any U.S. state, or foreign governmental

9  agency should request, subpoena, or order the production of Protected Material

10  from any person or Party subject to this Protective Order, that person or Party

11  shall promptly notify the Producing Party in writing of the request, subpoena, or

12  order, so that the Producing Party may have an opportunity to appear and be

13  heard on whether the Protected Material should be disclosed.  Should the

14  Producing Party object to the production, it may seek appropriate relief from the

15  appropriate court or agency, and pending such a request and, if necessary, the

16  entry of an appropriate stay order, the person or Party receiving the request,

17  subpoena, or order shall not produce the material in dispute so long as it may

18  lawfully refuse.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

- 14 -

29.    This Protective Order shall remain in full force and effect after the termination of this action, including all appeals from orders and final judgments in this action, or until canceled or otherwise modified by Order of this Court. This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all Parties, collectively shall be deemed to constitute one original.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _October 9, 2013_   By: _/s/Michelle E. Armond_____

Brenton R. Babcock
Michelle E. Armond
Attorneys for Plaintiffs
TREASURE GARDEN, INC. and
OLIVER JOEN-AN MA

PERKINS COIE LLP

Dated: _October 9, 2013_   By: _/s/Michael J. Song (with permission)_

Michael J. Song
Attorneys for Defendant
LANCER & LOADER GROUP, LLC

SHEPPARD,    MULLIN,    RICHTER    &
HAMPTON LLP

Dated: _October 9, 2013_    By: _/s/Scott R. Miller (with permission)_

Scott R. Miller

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
Bruce H. Sales
Paul H. Kochanski

Attorneys for Defendant
BED BATH & BEYOND INC.

- 15 -

1    **IT IS SO ORDERED.**

2

3



4    Dated: October 22, 2013

5    _____
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TREASURE GARDEN, INC., a California corporation, and OLIVER JOEN-AN MA, an individual, | ) Case No. 13-cv-00123 RWSL (CWx) )<br>) **AGREEMENT TO BE BOUND BY** )<br>**THE PROTECTIVE ORDER** ) |
| Plaintiffs, | )<br>) Hon. Carla Woehrle |
| v. | ) |
| LANCER & LOADER GROUP, LLC, a New York limited liability company, and BED BATH & BEYOND INC., a New York corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| AND RELATED COUNTERCLAIMS | ) |

I, _____, declare that:

      1.    My present residential address is

_____

      2.    My present employer is _____

and the address of my present employer is

_____

      3.    My present occupation or job description is

_____

      4.    I have received and carefully read the Protective Order in this action and understand its provisions. I understand that Protected Material is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Protective Order. I hereby agree to be bound by the terms of the Order. I clearly understand that any Protected Material and my copies or

- 17 -

notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

5.     At the termination of this action or at any time requested by counsel of record in this action, I will return to counsel of record in this action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Protected Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.     I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.

6.     I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____          _____

                                                                Signature

15419750

- 18 -