
Brenton R. Babcock (SBN 162,120)
brent.babcock@knobbe.com
Michelle E. Armond (SBN 227,439)
michelle.armond@knobbe.com
Yimeng Dou (SBN 285,248)
yimeng.dou@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
T: (949) 760-0404; F: (949) 760-9502

Attorneys for Plaintiffs
TREASURE GARDEN, INC. and
OLIVER JOEN-AN MA

Scott R. Miller (SBN 112,656);
smiller@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
T: (213) 620-1780; F: (213) 620-1398

Attorneys for Defendant
BED BATH & BEYOND INC.

Paul H. Kochanski
pkochanski@ldlkm.com
Bruce H. Sales
BSales@ldlkm.com
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
T: (908) 518-6314; F: (908) 654-7866

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TREASURE GARDEN, INC., a California corporation, and OLIVER JOEN-AN MA, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>LANCER & LOADER GROUP, LLC, a New York limited liability company, and BED BATH & BEYOND INC., a New York corporation,<br><br>            Defendants. | Civil Action No. 13-cv-00123 RWSL (CWx)<br><br>**STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE AS TO DEFENDANT BED BATH & BEYOND INC.**<br><br>The Honorable Ronald S.W. Lew |

This case having come before this Court, and it being represented to the Court that Plaintiffs Treasure Garden, Inc. ("Treasure Garden") and Oliver Joen-An Ma ("Ma") (collectively, "Plaintiffs"), on the one hand, and Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond"), on the other hand (collectively, the "Parties"), have compromised and settled the matters in dispute, IT IS HEREBY ORDERED, ADJUDICATED and DECREED as follows:

## PERMANENT INJUNCTION ORDER

Having considered the Stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the Parties and the subject matter in this case.

2. Venue is proper in this judicial district.

3. As used in this Order, "Disputed Umbrella Lights" refers to the following umbrella light products at issue in this action:

 

4. Pursuant to 35 U.S.C. § 283, as of the date of this Court's Order, Bed Bath & Beyond, and any of its employees, agents, representatives, subsidiaries, directors, principals, officers, successors, and assigns, and all others acting in concert or participation with Bed Bath & Beyond who receive actual notice of this Order, SHALL BE PERMANENTLY ENJOINED AND

RESTRAINED from directly or indirectly importing, making, manufacturing, marketing, advertising, using, offering for sale, and selling in the United States during the term of the longer of U.S. Patent Nos. 7,134,762 and 7,497,583 (collectively, "the Treasure Garden Asserted Patents"), the following: (i) the Disputed Umbrella Lights; or (ii) any product insubstantially different with respect to the umbrella light claimed in the Treasure Garden Asserted Patents so long as the Treasure Garden Asserted Patents are valid and enforceable. Notwithstanding the foregoing, isolated incidents where one or a very few of the Disputed Umbrella Lights are inadvertently offered for sale or sold in Bed, Bath & Beyond retail stores, for example due to customer returns or shelf stocking errors, shall not constitute a violation of this Order.

4.  This Court shall retain jurisdiction of this action to the extent necessary to ensure full compliance with all obligations imposed by this Order, including the enforcement this Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the Parties, as set forth in this Stipulated Permanent Injunction, shall be enforced, if necessary, exclusively by this Court.

5.  Bed Bath & Beyond waives any appeal of the Stipulated Permanent Injunction.

6.  Each of the Parties shall bear its own costs, expenses, and attorneys' fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    7.    This is a final judgment as to Bed Bath & Beyond. Subject to this Court's limited retention of jurisdiction as set forth above, all claims and any counterclaims filed in this action between Plaintiffs and Bed Bath & Beyond SHALL BE DISMISSED WITH PREJUDICE.

IT IS SO ORDERED

Dated: 2/20/2014    By: __RONALD S.W. LEW__
    HON. RONALD S.W. LEW
    SENIOR U.S. DISTRICT JUDGE

- 3 -